# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. DIRIG, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:08-CV- 191 PS |
| JUDGE JOHN SURBECK, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

When Christopher J. Dirig, a *pro se* prisoner, filed this complaint he faced criminal charges in the Allen County Superior Court. As defendants, Dirig names the public defender appointed to represent him, the presiding judge, and an assistant state prosecuting attorney. Dirig alleges the defendants' refused to allow him "to view any evidence against him" in violation of his Sixth Amendment rights to counsel. [Pro Se Complaint, DE 1].

Specifically, Dirig asserts he is being prevented from reviewing a video held up as direct evidence of his guilt in committing the auto theft for which he was charged. He maintains the judge failed to allow him access to the video and did so as retaliation for the various separate civil lawsuits filed by Dirig against Allen County. Dirig also alleges his attorney initially promised him probation but later wanted him to accept a plea bargain with an eight-year sentence. He states an improper conflict of interest exists due to the fact that his attorney retains Allen County police officers in his employment and that Dirig has sued those officers in yet another civil proceeding. For this case, Dirig seeks only injunctive relief, pursuant to 42 U.S.C.

§ 1983.[1] He asks the Court to set a new date for his criminal trial, to order Allen county to show him "all evidence" and, if not, to dismiss the criminal proceedings for lack of evidence. He also seeks for this Court to appoint a new judge, new prosecutor, and new defense counsel to his criminal case.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks and brackets omitted). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S. Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that

---

[1]Although he doesn't say it in his complaint, Dirig indicated on his IFP petition form that he is suing under § 1983. IFP Petition [DE 4]. If he was attempting to petition for habeas relief, there is no sign in his complaint that he has attempted to exhaust his available state remedies.

"[s]pecific facts are not necessary" to meet the requirements of RULE 8(a). 127 S. Ct. at 2200. The Court further noted that a "document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quotation marks and citations omitted). In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

All of the various forms of injunctive relief sought by Dirig would require the federal court's interference with an ongoing criminal proceeding. This is prevented by the *Younger* abstention doctrine, which holds that owing to principles of comity, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. *See Simpson v. Rowan*, 73 F.ed 134 (7th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 53 (1971)). "The rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts." *Forty One News, Inc. v . County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). Although the doctrine has been expanded to apply to certain state judicial and administrative proceedings, the original invocation of it was used specifically to prevent federal interference with state criminal proceedings. *See id*. Dirig therefore asks the court to take action that runs counter to the core purpose of *Younger*'s holding. *See State v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997) (affirming dismissal under *Younger* and stating that plaintiff's request for injunctive relief relating to his choice of attorney during criminal proceeding "would clearly 'interfere' with the state court prosecution.").

In addition to *Younger*, it is also clear that judicial immunity would serve to prevent Dirig from raising his claims against the defendant state judge. A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S.349, 359 (1978). The Allen County Court's jurisdiction includes criminal cases; therefore, Judge Surbeck is immune from suit. Further, Dirig's claim against his attorney, William S. Lebrato, is not viable, as criminal defense attorneys, even those appointed as public defenders, do not act under color of state law and thus cannot be sued under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981).

For the reasons discussed above, § 1983 cannot be used in the manner proposed by Dirig's complaint. With respect to evidentiary problems that he alleges took place prior to his trial, his proper avenue of relief is either to raise them before the termination of his criminal case, or seek to remedy them through the state appellate process. This federal case, however, must be dismissed.

**SO ORDERED**.

**ENTERED**: May 11, 2009.

/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT